### ED NEIVAR v. STATE.

No. A-4514. Opinion Filed Jan. 30, 1925.
(232 Pac. 959.)

(Syllabus.)

1. **Appeal and Error—Sufficiency of Evidence—Scope of Review.** Where the sufficiency of the evidence to support a conviction is challenged, this court will examine the record and ascertain if there is sufficient evidence to warrant a conviction, but will not weigh the same.

2. **Intoxicating Liquors—Manufacturing Intoxicating Liquor—Evidence Sufficient.** Evidence examined, and found to sustain the verdict and judgment.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Ed Neivar was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

E. T. Barbour, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J.   The assignments of error are not sep-
arately set out and stated in the brief of plaintiff in error,
but the principal argument is made and directed to the in-
sufficiency of the evidence to sustain the judgment.

From the record we gather the following as the facts of
the case: W. D. Borden and Fred Kimball, about 9 o'clock
at night, went to a farm rented by the plaintiff in error,
Ed Neivar, on the lookout for persons manufacturing
whisky.   They secreted themselves in the center of the
field, and after a while heard voices in an adjoining field,
heard a bucket rattle, heard a wagon come down to a creek,
and heard the bucket scraping the bottom of the creek,
saw an automobile coming from the east near the creek
and stop, and saw the lights extinguished, and overheard
some conversation.   Borden testifies that he recognized the
voice of plaintiff in error in the conversation, and heard
him sey: "What will we do for water?" that they crept
up nearer, and could distinguish the forms of three men
and saw two stills in operation; that they then crept away
and went to get assistance.   They procured other men and
went back to the place, and the party separated themselves
into three groups and surrounded the stills.   On attempt-
ing to make the arrest the three men ran in different di-
rections, and one of the three was shot and captured at the
time.   The other two got away.   The two stills were found
in operation, with fires burning and whisky coming from
the condensers.   There were several barrels of mash and
several jugs of corn whisky close to the stills.   They found
a newspaper bearing the name of the plaintiff in error,
Ed Neivar.   The testimony of the mail carrier was that
this was delivered about two weeks before to plaintiff in
error.   They examined the automobile, a Ford touring car,
at the place where the stills were.   The next morning they
found it was gone and traced its tracks to the premises of
the plaintiff in error.

A grocer at Piedmont, not far from the place referred

to in the evidence where the stills were in operation, testified that within a month before this time he had sold plaintiff in error 1,500 pounds of sugar and several boxes of yeast, and a considerable number of jugs.

It has often been stated by this court that, where there is evidence which reasonably supports the judgment, this court will not weigh the same, as that is exclusively within the province of the jury, and we believe the evidence is ample to support the judgment in this case.

Some other assignments of error are argued to some extent, but we have examined the record, and find no error that would warrant a reversal.

The judgment is affirmed.

BESSEY, P. J., and DOYLE, J., concur.